UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-22295-CIV-ALTONAGA/Simonton

**ALEX WOELPER**,

    Relator,
vs.

**QUANTUM PARTNERS, INC.**, *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Encon International, Inc. ("Encon") and Shu Fei Woelper's ("Mrs. Woelper['s]") Amended Motion to Dismiss Counterclaim Counts II and III ("Motion") [ECF No. 107], filed July 31, 2013. Relator, Alex Woelper ("Relator") filed a Complaint [ECF No. 8-7] on March 23, 2012 in the Western District of Texas, which was transferred to this Court by Order [ECF No. 8-1] dated June 14, 2012. Defendants Linda Garrahan, Brian Garrahan, Joseph Garrahan, 1st Capital Lending, LLC ("1st Capital") and Quantum Partners, Inc. ("Quantum") (collectively, the "Garrahans") filed an Answer ("Garrahan Answer"), Crossclaim, and Counterclaim ("Garrahan Counterclaim") adding Encon and Mrs. Woelper as Counter-Defendants, on May 5, 2013. (*See* [ECF No. 67]).[1] The Garrahans filed a Response in Opposition . . . ("Response") [ECF No. 109] on August 12, 2013; no reply was filed in support of the Motion. The Court has carefully considered the parties' written submissions, the record, and applicable law.

---

[1] Karen Pecora-Barbour and The Barbour Group LLC filed an Answer and Counterclaim on April 22, 2013. (*See* [ECF No. 45]).

Case No. 12-22295-CIV-ALTONAGA/Simonton

## I. BACKGROUND

This case involves claims brought under the False Claims Act, 31 U.S.C. sections 3729–3733, by the Relator on behalf of the United States against various Defendants including the Garrahans. As this is the third order on a motion to dismiss, the Court assumes the reader is familiar with the allegations surrounding the dispute and otherwise refers any interested person to its prior orders in this case. *See* Order, *U.S. ex rel. Woelper v. Quantum Partners, Inc.*, No. 12-22295-Civ-Altonaga/Simonton (S.D. Fla. July 24, 2013), [ECF No. 105]; Order, *U.S. ex rel. Woelper v. Quantum Partners, Inc.*, No. 12-22295-Civ-Altonaga/Simonton (S.D. Fla. Aug. 19, 2013), [ECF No. 110]. The foregoing allegations prompted two lawsuits. The first is an action involving many of the parties in this case, which is currently pending in the United States District Court for the District of Kansas, *see* Complaint, *Encon Int'l, Inc. v. Garrahan*, No. 2:11-cv-02137-KGS (D. Kan. Sept. 15, 2010), [ECF No. 1] ("District of Kansas Litigation"), where Encon seeks to recover the premiums paid for the performance and payment bonds issued by Linda Garrahan (*see* Garrahan Answer ¶ 97).

In the present action, the Court issued its July 24, 2013 Order dismissing counts I, IV, and V of the Garrahan Counterclaim, and ordered Counter-Defendants, Encon and Mrs. Woelper to file a response to the remaining counts, which prompted the present Motion. Counts II and III — the only remaining counts — of the Garrahan Counterclaim are asserted against the Relator, Encon, and Mrs. Woelper, and concern the General Agreement of Indemnity ("GAI") entered into between the Relator, Encon, Mrs. Woelper, the Garrahans, and other parties. Count II asserts Relator, Encon, and Mrs. Woelper breached the GAI due to their alleged failure to implement additional fund controls. (*See* Garrahan Countercl. ¶¶ 5–8). As a result, the Garrahans contend Relator, Encon, and Mrs. Woelper are liable for damages incurred as a direct

result of the breach. (*See id.* ¶ 7). Similarly, Count III claims Relator, Encon, and Mrs. Woelper directly violated the GAI when they purportedly failed to comply with a demand for a $200,000.00 increase in reserve funds. (*See id.* ¶¶ 9–11). The Garrahans seek enforcement of the GAI in an order requiring at least $200,000.00. (*See id.* 25). Encon and Mrs. Woelper presently move to dismiss counts II and III of the Garrahan Counterclaim.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

### III. ANALYSIS

Encon and Mrs. Woelper assert counts II and III of the Garrahan Counterclaim are precluded by res judicata as they were previously dismissed with prejudice in the District of Kansas Litigation. (*See* Mot. 6). The Garrahans argue the prior order in the District of Kansas Litigation was not a final judgment on the merits because it was entered as a discovery sanction and cannot constitute res judicata. (*See* Resp. 5).

"Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "Res judicata . . . is not a defense under [Rule] 12(b); it is an affirmative defense that should be raised under Rule 8(c)." *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982) (citations omitted). Nevertheless, "[res judicata] may be asserted on a motion to dismiss when its elements are apparent on the face of the pleadings and from public documents of which the Court may take judicial notice." *Schwab v. Huntington Nat'l Bank*, No. 2:12-cv-315-FtM-99SPC, 2013 WL 655248, at *2 (M.D. Fla. Feb. 22, 2013) (citing *Concordia*, 693 F.2d at 1075–77). "This is based on the fact that such documents are public records that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy can not reasonably be questioned." *Haddad v. Dudek*, 784 F. Supp. 2d 1308, 1324 (M.D. Fla. 2011) (alterations and internal quotation marks omitted) (quoting *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010)).

> Res judicata may be properly applied only if certain prerequisites are met. In the Eleventh Circuit, a party seeking to invoke the doctrine must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

*In re Piper Aircraft Corp.*, 244 F.3d at 1296 (citing *Israel Discount Bank Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir. 1992); *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir. 1990)). "If even one of these elements is missing, res judicata is inapplicable." *Id.* Once satisfied, "[t]he court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies." *Id.* (footnote call number and citation omitted). "At all times the burden is on the party asserting res judicata . . . to show that the later-filed suit is barred." *Id.* (citations omitted).

> Federal Rule of Civil Procedure 41(b) provides:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits.

FED. R. CIV. P. 41(b). Rule 41(c) further provides, "This rule applies to a dismissal of any counterclaim, crossclaim, or third-party claim." *Id.* 41(c). Thus, as "an adjudication upon the merits," a Rule 41(b) dismissal "precludes a second action on the same claim." *Simpson v. AT&T Info. Sys., Inc.*, No. 93-155-civ-ORL-19, 1993 WL 666603, at *2 (M.D. Fla. May 11, 1993) (citations omitted) ("There has been a final judgment on the merits . . . , those judgments were rendered by a court of competent jurisdiction, the parties . . . are identical, and the same cause of action is involved in the three lawsuits. Accordingly, [the present case] is barred by the doctrine of res judicata."); *see also Moore v. Wilson*, No. C-06-4813 MMC, 2006 WL 2784702, at *1 (N.D. Cal. Sept. 26, 2006) ("The dismissal of the prior action pursuant to Rule 41(b) is a final judgment on the merits for purposes of res judicata. Accordingly, the instant action is barred under the doctrine of res judicata, and the Court will grant defendants' motion to dismiss the claims asserted against them." (internal citation omitted)); *Simmons v. Chatham Nursing*

*Home, Inc.*, 93 F. Supp. 2d 1265, 1267 (S.D. Ga. 2000) ("Applying the re-litigation bar to a Rule 41(b)-based, prior dismissal case is not a new concept." (citations omitted)).

Encon and Mrs. Woelper assert the September 19, 2012 Order[2] in the District of Kansas Litigation precludes consideration of counts II and III of the Garrahan Counterclaim in the present action as res judicata. The Garrahans do not take issue with three of the four prerequisites of res judicata, but rather contend the September 19 Order was merely a discovery sanction and does not constitute a final judgment on the merits. (*See* Resp. 5). The Garrahans do not cite any authority for their position, and neither party had the benefit of the Court's August 19 Order before the Motion and Response were filed.

The District of Kansas's order dismissed "the counterclaims asserted by Linda Garrahan, 1st Capital Lending Fund, Inc.[3] and Quantum Partners, Inc." with prejudice. *See* Sept. 19, 2013 Order, *Encon Int'l, Inc.*, No. 2:11-cv-02137-KGS, at *7 (footnote added). The court found dismissal of the counterclaim was appropriate pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b) with respect to Linda Garrahan and her entities 1st Capital and Quantum, after Linda Garrahan and her entities repeatedly failed to appear for their depositions, respond to previous sanctions motions, or participate in discovery. *See id.* at *4−5. The court also acknowledged the parties had been warned that further lack of cooperation in discovery would

---

[2] The parties do not dispute the September 19 Order accurately reflects that filing in the District of Kansas Litigation, nor do they appear to contend the Court should not take judicial notice of the documents. (*See* Resp. 5). Rather, the Garrahans maintain the September 19 Order is insufficient to establish res judicata. (*See id.*). In accordance with its August 19, 2013 Order, the Court takes judicial notice of the September 19 Order for purposes of adjudicating the Motion. *See Schwab*, 2013 WL 655248, at *2 ("Even though *res judicata* is an affirmative defense that should be raised under Rule 8(c), it may be asserted on a motion to dismiss when its elements are apparent on the face of the pleadings and from public documents of which the Court may take judicial notice." (citing *Concordia*, 693 F.2d at 1075–77)).

[3] This party name is slightly different from "1st Capital Lending, LLC" in the present matter; however, the parties do not dispute the entities are the same.

result in dismissal of their counterclaims, and prior monetary sanctions had proven ineffective. *See id.* at *5–6.

The September 19 Order, entered pursuant to Rule 41(b), operates as an adjudication on the merits of Linda Garrahan and her entities 1st Capital and Quantum's counterclaims. *See* FED. R. CIV. P. 41(b)−(c); *Simpson*, 1993 WL 666603, at *2; *Moore*, 2006 WL 2784702, at *1. As the September 19 Order plainly constitutes an adjudication on the merits, the four initial prerequisites of res judicata are satisfied. The Garrahan Counterclaim is virtually identical to the counterclaim asserted by Linda Garrahan, 1st Capital, and Quantum in the District of Kansas Litigation. (*Compare* Garrahan Countercl. ¶¶ 5–11, *with* Garrahan Countercl. ¶¶ 47–57 [ECF No. 112 in Case No. 2:11-cv-02137-KGS]). Accordingly, res judicata applies and operates to bar the Garrahan Crossclaim as asserted by Linda Garrahan, 1st Capital, and Quantum.[4]

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 107]** is **GRANTED in part**. Counts II and III of Linda Garrahan, 1st Capital Lending, LLC, and Quantum Partners, Inc.'s Counterclaim [ECF No. 67] against Encon International, Inc. and Shu Fei Woelper are dismissed. Encon International, Inc. and Shu Fei Woelper shall file an answer to Brian Garrahan

---

[4] Although the Garrahans never raise the issue, the September 19 Order did not apply to either Joseph or Brian Garrahan. As such, the Court cannot consider the application of res judicata against their counterclaims. "In determining the validity of a plea of res judicata, a court must determine . . . whether the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication." *Concordia*, 693 F.2d at 1076 (citations omitted). Joseph and Brian Garrahan were not involved in the September 19 Order, and there has not been a sufficient showing that either Joseph or Brian Garrahan was in privity with Linda Garrahan, 1st Capital, or Quantum. In fact, no discussion of the identity of the parties is found in the Motion. Accordingly, the Court will not consider the application of res judicata to Brian and Joseph Garrahan's counterclaims at this stage of the litigation.

Case No. 12-22295-CIV-ALTONAGA/Simonton

and Joseph Garrahan's remaining counterclaims (counts II and III) on or before **October 22, 2013**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of October, 2013.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record